08-6305-cv
Cataldi v. United Water New York

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand and ten.

PRESENT:  RICHARD C. WESLEY,
          GERARD E. LYNCH,
              *Circuit Judges*,
          MARK R. KRAVITZ,*
              *District Judge*.

_____

ROBERT V. CATALDI,
          *Plaintiff-Appellant*,

          v.                                    08-6305-cv

UNITED WATER NEW YORK,
          *Defendant-Appellee*.

_____

FOR APPELLANT:          ROBERT V. CATALDI, *pro se*, New York, NY.

FOR APPELLEE:           CURTIS GILFILLAN, Bivona & Cohen, P.C., New York, NY.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

---

* The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Robert V. Cataldi, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Seibel, *J.*), dismissing Appellant's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. In reviewing a district court's dismissal of a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), we review factual findings for clear error and legal conclusions *de novo*, accepting all material facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *See Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). Similarly, we "review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the

2

plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)

Having conducted a *de novo* review, we find that the district court properly granted Appellee's motion to dismiss. The district court properly found that it lacked diversity jurisdiction over Appellant's state law claims. There is no diversity between the parties because Appellant is a New York resident and Appellee is a New York domestic corporation with its principal place of business in New York. *See* 28 U.S.C. § 1332(c).

The district court also properly dismissed Appellant's federal claims. With respect to his Fourth Amendment claim Appellant alleged no facts to suggest that Appellee, a private corporation, acted under color of state law. *See Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349-50 (1974). Nor did Appellant allege that he suffered an injury-in-fact to establish standing. Indeed, he acknowledged that Appellee, at his request, had *not* placed a remote reading device on his property. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (holding that injury must be "actual or imminent, not conjectural or hypothetical") (internal quotation marks omitted). Appellant also failed to allege sufficient facts to make out the elements of a RICO

3

violation.  *See* 18 U.S.C. § 1962(c).  He failed to allege, *inter alia*, the existence of an "enterprise," given that "a corporate entity may not be both the RICO person and the RICO enterprise under section 1962(c)."  *Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339, 344 (2d Cir. 1994).

Finally, it was appropriate for the district court to decline to exercise supplemental jurisdiction over Appellant's state law claims.  *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").

For the foregoing reasons, the order of the district court is **AFFIRMED**.

                              FOR THE COURT:

                              Catherine O'Hagan Wolfe, Clerk